12-1122-cv
*Thomas v. Donahoe, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

---

ANTHONY T. THOMAS,

> *Plaintiff-Appellant,*

> v.                                                             No. 12-1122-cv

PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, NEW YORK METRO AREA, PATRICK O'CONNOR, ROBERT CORBELLI, EDWARD DIPASQUALE, MELISSA HERNIFER, THE NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO,

> *Defendants-Appellees.*[1]

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | PAUL E. KERSON, Leavitt, Kerson & Duane, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JENNIFER ELLEN BLAIN (David S. Jones, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New |

---

[1] The Clerk of the Court is directed to amend the official caption to conform to the above.

York, New York, NY, on behalf of Patrick R. Donahoe, Postmaster General, United States Postal Service, New York Metro Area, Patrick O'Connor, Robert Corbelli, Edward DiPasquale, and Melissa Hernifer.

TRAVIS M. MASTRODDI, Cohen, Weiss and Simon LLP, New York, NY, on behalf of the National Association of Letter Carriers, AFL-CIO.

Appeal from judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 30, 2012 judgment of the District Court dismissing plaintiff's complaint in its entirety is **AFFIRMED**.

On July 9, 2010, plaintiff Anthony T. Thomas ("plaintiff" or "Thomas") filed a second amended complaint ("SAC") in this action against the United States Postal Service ("USPS"), the Postmaster General of the United States,[2] several individual employees of the Postal Service—Patrick O'Connor, Robert Corbelli, Edward DiPasquale, and Melissa Hernifer—(jointly "Postal defendants"), and the National Association of Letter Carriers, AFL-CIO ("NALC").[3] In his SAC, Thomas brought claims against both the Postal defendants and the NALC for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and, under New York law, for the intentional or negligent infliction of emotional distress. Thomas, allegedly a member of the NALC, also brought a claim against the NALC, alleging that it breached its duty of fair representation to him, and a claim against the Postal defendants, alleging a breach of the USPS's collective bargaining agreement with NALC.

---

[2] Plaintiff's second and third amended complaints named Postmaster General John E. Potter as a defendant. Pursuant to Federal Rule of Civil Procedure 25(d), Patrick R. Donahoe, who succeeded John E. Potter as Postmaster General, was thereafter substituted as a defendant.

[3] Although Thomas initiated this action *pro se*, he was represented by counsel when he filed his SAC and in subsequent proceedings in this matter.

On August 19, 2011 the District Court dismissed all of plaintiff's claims, but *sua sponte* granted him limited leave to replead his Title VII claim against the Postmaster General and his emotional distress claims against all the defendants.[4]  Thomas subsequently filed a third amended complaint ("TAC") on November 4, 2011, asserting a Title VII racial discrimination claim against the Postmaster General and a state law claim for "intentional and/or negligent infliction of emotional distress" against all defendants.

On January 30, 2012 the District Court entered judgment dismissing Thomas's TAC in its entirety, and this appeal followed.[5]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor.  *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  On appeal, Thomas argues that the District Court abused its discretion by, *inter alia*, dismissing the majority of the claims asserted in his SAC, granting him only limited leave to replead his Title VII and emotional distress claims, and dismissing his TAC in its entirety.[6]

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the District Court's dismissal of Thomas's complaints, substantially for the reasons stated in Judge Seibel's thorough and well-reasoned rulings of August 19, 2011 and January 27, 2012.

---

[4] In granting Thomas leave to amend, and file a fourth complaint, the District Court noted both that plaintiff had not requested that relief and that it would be the final opportunity to amend his complaint.

[5] On appeal, Thomas claims that he set forth the facts of a retaliation claim in his TAC, but did not include it as a cause of action.  We note that the District Court, in an abundance of caution, considered and dismissed this possible retaliation claim.  Upon review, we find no error in the District Court's dismissal of this putative retaliation claim.

[6] To the extent that Thomas's brief on appeal—which is not a model of clarity—asserts wholly new causes of action, we do not consider them on appeal.  *See, e.g.*, *Kendall v. Emps. Ret. Plan of Avon Products*, 561 F.3d 112, 117 (2d Cir. 2009) (noting that plaintiff may not "effectively amend her complaint on appeal").

## CONCLUSION

We have considered all of Thomas's arguments on appeal and find them to be without merit.

Accordingly, we **AFFIRM** the District Court's January 30, 2012 judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk